MARC Y. LAZO, SBN: 215998
K&L LAW GROUP, P.C.
2646 Dupont Drive, Suite 60340
Irvine, California 92612
Phone No.:   (949) 216-4000
Fax No.:     (800) 596-0370

*Attorneys for Plaintiffs Antoine and Joumana Daoud*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE DAOUD, an individual, and JOUMANA DAOUD, an individual,<br><br>             Plaintiffs,<br><br>     v.<br><br>SOCIÉTÉ GÉNÉRALE DE BANQUE AU LIBAN, S.A.L., a société anonyme libanaise; ANTOUN SEHANOUI, an individual; PIKES PEAK NATIONAL BANK, an unknown entity, and DOES 1-100, inclusive,<br><br>             Defendants. | Case No.: 8:21-CV-00335<br><br>**DECLARATION OF MARC LAZO IN RESPONSE TO ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF PROSECUTION** |

I, MARC Y. LAZO, declare as follows:

1. I am an attorney at law licensed to practice before all of the courts in the State of California and am a member of K&L LAW GROUP, P.C., attorneys for Plaintiffs ANTOINE DAOUD and JOUMANA DAOUD ("Plaintiffs").

2. I have personal knowledge of the facts stated herein and if called to testify as a witness, I could and would competently testify to the following.

3. I make this Declaration in response to the March 25, 2021, Order to Show Cause Re Dismissal for Lack of Prosecution.

4. First and foremost, I would like to take this opportunity to apologize to this Honorable Court for any inconvenience, delay or misunderstanding I or my firm may have caused. Our actions or inactions were unintentional and not done to delay or mislead this Court in anyway. For the reasons set forth below, it is respectfully requested that this Court not dismiss the within action.

5. The Complaint in the above entitled matter was filed in the Orange County Superior Court on December 16, 2020, bearing Case No. 30-2020-01174775, naming Societe Generale De Banque Au Liban S.A.L., a Societe Anonyme Libanise; Antoun Sehanoui, and individual; and Pikes Peak National Bank, a Colorado corporation, as Defendants.

6. On January 22, 2021, Defendant Antoun Sehanoui ("Defendant Sehanoui") was substitute served with the Complaint. Attached hereto as **Exhibit "A"** is a true and correct copy of the Proof of Service on Antoun Sehanoui. On February 19, 2021, Defendant Sehanoui filed a Notice of Removal of the within action to the United States District Court, Central District of California [Dkt No. 1]

7. Prior to receiving Defendant Sehanoui's Notice of Removal, my office was arranging for the service of process on Societe Generale De Banque Au Liban S.A.L., a Societe Anonyme Libanise in Lebanon and Pikes Peak National Bank in Colorado Springs, Colorado. In light of the Notice of Removal, my office instructed the process servers in Lebanon and Colorado Springs to temporarily hold off on service until we provided them the Notice of Removal papers for service. Additionally, our office intended on responding to Defendant Sehanoui's Notice of Removal by way of a Motion for Remand. Nevertheless, and as detailed below, Defendants Societe Generale De Banque Au Liban S.A.L., a Societe Anonyme Libanise and Pikes Peak National Bank were ultimately served with the Summons, Complaint and Notice of Removal package.

8. Following several meet and confer conferences with counsel for Defendant Sehanoui, Plaintiffs agreed to dismiss Mr. Sehanoui from the within action and forego a Motion for Remand. On February 28, 2021, Plaintiffs filed a Notice of Dismissal (without prejudice) of Defendant Antoun Sehnaoui only [Dkt No. 11].

9. With respect to service of process on Defendant Pikes Peak National Bank, we learned from our office's process server that the delay in serving Pikes Peak National Bank was due to the

2

DECLARATION OF MARC LAZO IN RESPONSE TO ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF PROSECUTION

lobby's branch office being closed (no-contact) for several weeks.  On March 19, 2021, after the impact of the Covid-19 apparently subsided in Colorado (particularly Colorado Springs, where Pike's Peak is located), defendant Pikes Peak National Bank was reopened and served with the Summons, Complaint and Notice of Removal package by personally delivering same to John Walter, Branch Supervisor.  Attached hereto as **Exhibit "B"** is a true and correct copy of the Proof of Service.

10. With respect to Defendant Societe Generale De Banque Au Liban S.A.L., a Societe Anonyme Libanise, we learned from our office's process server that the delay in serving Societe Generale De Banque Au Liban S.A.L. was due to the process server's inability to gain access to the bank as a result of road closures and civil unrest near the surrounding area of the municipality in which Societe Generale De Banque Au Liban S.A.L. is located.  This social unrest has apparently subsided (though the Covid-19 situation in Lebanon remains morbid), allowing our process server to serve Defendant Societe Generale De Banque Au Liban S.A.L. on March 29, 2021 through personal service by serving Arlette Dalloul, Bank General Manager, in Chtaura, Lebanon.  Attached hereto as **Exhibit "C"** is a true and correct copy of the Proof of Service.

11. Federal Rules of Civil Procedure, Rule 4(m) states that upon a showing of good cause for failure to serve within 90 days from the filing of the Complaint, the "court must extend the time for service for an appropriate period.  This subdivision (m) does not apply to service in a foreign country under Rules 4(f), 4(h)(2), or r(j)(1), or to service of a notice under Rule 71.1(d)(3)(A)."  Accordingly, it is respectfully requested that this Court consider the above and not dismiss the action for lack of prosecution.  All Defendants have been properly served and Proofs of Service as to remaining defendants Societe Generale De Banque Au Liban S.A.L. and Pikes Peak National Bank are filed with this Court concurrently herewith.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 1st day of April, 2021, at, at Irvine, California.

_____
Marc Lazo
Attorney for Plaintiffs

3